| | |
|---|---|
| ADAMS COUNTY DISTRICT COURT<br>STATE OF COLORADO<br>1100 Judicial Center Drive<br>Brighton, CO 80601<br>Phone: (303) 659-1161 | DATE FILED<br>July 10, 2025 9:48 AM<br>FILING ID: C31A1E8EAEF18<br>CASE NUMBER: 2025CV31079 |
| **Plaintiff:** KYRA NEWTON, and VINCENT SINGLETON, by and through his parent and natural guardian, KYRA NEWTON<br><br>v.<br><br>**Defendant:** SAM'S WEST, INC., an Arkansas corporation | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>Matthew A. Crowther, #39146<br>JORGENSEN, BROWNELL & PEPIN, P.C.<br>3461 Ringsby Court, Suite 350<br>Denver, CO 80216<br>Phone: (303) 678-0560<br>Fax: (720) 388-8211<br>mcrowther@jbplegal.com | Case No.<br><br>Div. |
| COMPLAINT AND JURY DEMAND | |

COME NOW Plaintiffs, Kyra Newton and Vincent Singleton, by and through Counsel, Matthew A. Crowther of JORGENSEN, BROWNELL & PEPIN, P.C., respectfully submitting their complaint against Defendant Sam's West, Inc. ("Sam's"), as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over Defendant in this Court is proper pursuant to C.R.S. § 13-1-124(1)(b) because this suit pertains to Defendant's commission of tortious conduct within this state.

2. Venue in this Court is proper pursuant to C.R.C.P. 98(c)(5) because the tort at issue was committed by Defendant in Adams County, Colorado.

### PARTIES

3. Plaintiffs are individuals and residents of Adams County, Colorado.

4. Defendant is a for profit corporation formed under the laws of the State of Arkansas, with corporate offices in Bentonville, Arkansas, and its registered agent in Colorado listed as CT Corporation System, 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112.

## GENERAL ALLEGATIONS

5. Defendant is and was the owner and operator of Thornton Sam's Club #4745, a retail and grocery store, located at 9601 Grant Street, Thornton, Colorado ("Sam's") on November 11, 2023.

6. At approximately noon that day, Plaintiffs arrived at Sam's with other family members, including Christopher Singleton, Dawn Newton, and Vincent's infant sister, to shop for groceries.

7. Plaintiff Singleton was two years old on November 11, 2023, and was being carried by his mother, Plaintiff Newton, at the time of the incident.

8. Plaintiff Newton had Plaintiff Singleton on her left hip when she began walking down an aisle which had freezers on one side and dry goods on the other.

9. As Plaintiff Newton started down the aisle, her right foot slipped on a clear greasy liquid on the floor which was not visible to her.

10. As Plaintiff Newton slipped, Plaintiff Singleton fell backwards, out of his mother's arms and onto the hard floor with his head bouncing off it violently.

11. Plaintiff Newton fell forward, landing hard on both knees.

12. Plaintiff Newton's left hand also struck the floor with significant force.

13. Plaintiff Singleton began screaming and was picked up by his father, Christopher Singleton, who attempted to calm him.

14. Plaintiff Singleton immediately developed a massive lump on the back of his head.

15. Following her fall, Plaintiff Newton observed visible bruising to her left wrist and right leg.

16. Following her fall, Plaintiff Newton also observed a white residue from the slippery floor substance on her clothing.

17. While one of Defendant's associates was observed in the aisle when Plaintiff Newton fell, that associate left the aisle following her fall rather than rendering aid.

18. Dawn Newton, mother of Plaintiff Newton, arrived from an adjacent aisle and called for a Sam's manager.

19. One of Defendant's managers arrived to assist the family, inquired if anybody was bleeding, and asked if the family wanted an ambulance called.

20. The family declined at that moment and proceeded to the checkout lanes.

21. While the family was attempting to check out at the front end of Sam's, Plaintiff Singleton began projectile vomiting and his mother, Plaintiff Newton, asked Sam's staff to call for an ambulance.

22. Despite this, Defendant's employees refused to call an ambulance.

23. Plaintiff Newton, therefore, called 911 herself to arrange transport for Plaintiff Singleton to the hospital for treatment while Christopher Singleton stayed behind with their infant daughter to complete an incident report and pay for the family's groceries.

24. Emergency services arrived on scene.

25. Plaintiff Singleton continued to vomit, both while waiting for arrival of emergency services and enroute to North Suburban Medical Center.

26. Plaintiff Singleton arrived at North Suburban Medical Center, was examined, and received imaging to his brain, leading to the diagnosis of two skull fractures (nondisplaced occipital and parietal fractures).

27. Plaintiff Singleton was subsequently transferred via ambulance to Children's Hospital for evaluation and assessment by a neurosurgeon.

28. At Children's Hospital, Plaintiff Singleton underwent additional trauma evaluation, comprehensive monitoring, and assessment by a neurosurgeon who confirmed his two skull fractures.

29. Plaintiff Singleton was discharged home at approximately 7:30 p.m. with instructions given to his parents for follow-up care.

30. Plaintiff Newton subsequently sought treatment for her own injuries at AfterOurs on November 12, 2023, reporting back pain with spasms down both legs, bilateral knee pain from her direct impact with the Sam's floor, and left wrist pain extending from the hand that struck the hard floor during the fall.

31. Plaintiff Newton was next seen at North Suburban Medical Center on November 13, 2023, with progressive complaints of pain following her fall at Sam's, and imaging studies were performed of her left hip and pelvis, right knee, lumbar spine, thoracic spine, and left wrist.

32. As her injuries from the fall progressed, Plaintiff Newton subsequently developed left elbow pain, right hip pain, and PTSD as she continued to ruminate on Plaintiff Singleton's injuries. Plaintiff Newton was also diagnosed with a disc herniation at L5-S1 with disc bulge, multilevel facet arthropathy, posterior annular fissure at L5-S1, and patellofemoral chondromalacia of the right knee as a result of her fall.

33. Plaintiff Newton's constellation of injuries rendered her unable to work at full capacity, directly impacting her earnings and quality of life.

34. The injuries sustained by Plaintiff Newton have followed a progressive pattern typical of traumatic falls, beginning with immediate visible trauma and bruising, progressing to musculoskeletal pain and dysfunction, and resulting in ongoing limitations to her daily activities and work capacity.

35. The injuries sustained by Plaintiff Singleton required follow up treatment with neurologists and counselors to evaluate his injuries and ensure he suffered no long-term injuries to his developing brain.

<u>CLAIM FOR RELIEF</u>
(Premises Liability)

36. Plaintiffs repeat and re-allege every averment pled in this complaint as if such allegations were stated fully herein.

37. Plaintiffs have injuries, damages, and losses as a result of Defendant's failure to keep the floors of Sam's safe.

38. Plaintiffs were Defendant's "invitees" as that term is defined by C.R.S. § 13-21-115(7)(a) at the time Plaintiff Singleton sustained fractures to his skull, and Plaintiff Newton sustained injuries to her right hip, right knee, low back, left wrist, and left elbow on November 11, 2023.

39. Defendant was a "landowner" as that term is defined by C.R.S. § 13-21-115(7)(b) of Sam's at the time Plaintiffs were injured there on November 11, 2023.

40. Defendant owed Plaintiffs a duty to exercise reasonable care to protect them against dangers at Sam's of which it actually knew or reasonably should have known.

41. Defendant either knew or reasonably should have known of the dangerous condition of the floor in the frozen/dry goods aisle of Sam's where Plaintiffs fell prior to Plaintiffs' falls and injuries.

42. Defendant failed to use reasonable care to protect Plaintiffs against the danger of the floor in that area.

43. Defendant failed to appropriately train and supervise its employees regarding floor safety.

44. Defendant's failures to reasonably protect Plaintiffs against danger at Sam's and appropriately train and supervise its employees were a cause of Plaintiffs' injuries and damages.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant for their noneconomic losses and injuries which they have had to the present time and for those which they will probably have in the future, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; economic losses and injuries which they have had to the present time and for those which they will probably have in the future, including reasonable and necessary medical, hospital, and other expenses; damages associated with their physical impairment and disfigurement; costs; and interest on all sums pursuant to C.R.S. § 13-21-101.

A TRIAL TO A JURY OF SIX (6) PERSONS IS DEMANDED.

RESPECTFULLY submitted July 9, 2025.

JORGENSEN, BROWNELL & PEPIN, P.C.

*/s/ Matthew A. Crowther*
Matthew A. Crowther, #39146

Plaintiff may be contacted through counsel:
Matthew A. Crowther, #39146
JORGENSEN, BROWNELL & PEPIN, P.C.
3461 Ringsby Court, Suite 350
Denver, CO 80216
Phone: (303) 678-0560
Fax: (720) 388-8211
mcrowther@jbplegal.com